IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| NEIL KEITH SINGLETON,<br><br>     Plaintiff,<br><br>v.<br><br>RICHMOND COUNTY SHERIFF EUGENE BRANTLEY, DEPUTY SGT. CALEB LEE, DEPUTY SGT. WALTER MCNEIL JR., and MICHELLE FRANKLIN,<br><br>     Defendants. | CASE NO.: 1:25-CV-282 |

## MOTION TO DISMISS

COME NOW Defendants Sergeant Caleb Lee, Sergeant Walter McNeil Jr., and Michelle Franklin, and file this Motion to Dismiss Plaintiff's Complaint, showing the Court the following:

### PLAINTIFF'S ALLEGATIONS

Plaintiff filed this action against Sheriff Eugene Brantley, Sergeant Caleb Lee, Sergeant Walter McNeil, Jr., and Michelle Franklin pursuant to § 1983 alleging that Defendants violated his First Amendment rights. Doc. 1. Specifically, Plaintiff alleges that Defendants blocked him from the Richmond County Sheriff's Office ("RCSO") Facebook page. *Id.* at p. 10 ¶ 3. Plaintiff seeks monetary damages, and he requests that he and other citizens be unblocked from all RCSO social media pages. *Id.* at p. 7.

### MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a plaintiff's complaint must state a plausible claim for relief. Fed. R. Civ. P. 8(a)(2);

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations must raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft* at 678.

## ARGUMENT

### A. Plaintiff Fails To State A Claim Against Defendants In Their Official Capacities.

Section 1983 provides a cause of action against "every person" who, under color of any law deprives another of a constitutional right. 42 U.S.C. § 1983. Only persons are subject to liability under § 1983, and states are not persons within the meaning of this statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Similarly, the Eleventh Amendment bars suits in federal court against a state or arm of the state. *Manders v. Lee,* 338 F.3d 1304, 1308 (11th Cir. 2003). When sheriffs and their deputies act as arms of the state, they are not subject to suit in their official capacity under § 1983. *Id.* at 1328; *Bell v. Houston County*, 2006 U.S. Dist. LEXIS 43387, *35 (Ga. M. Dist. 2006). Counties have no control over what policies a sheriff adopts or how a sheriff operates his office. *Grech v. Clayton County*, 335 F.3d, 1326, 1347 (11th Cir. 2003). A sheriff's authority to administer his office comes directly from the state. *See* O.C.G.A. § 15-16-10(a)(8). Thus, in promulgating and enforcing policies and procedures, a sheriff acts as an arm of the state and not of the county.

Here, Plaintiff claims that he was blocked from viewing and commenting on the RCSO Facebook page, and he seemingly takes issue with the social media terms of service adopted by the RCSO. Doc. 1, p. 10 ¶ 3, p. 14-16. In adopting these policies and in operating the Facebook page, Sheriff Brantley and his deputies would have been acting as

2

arms of the state of Georgia. Thus, Plaintiff's official capacity claims against Defendants Lee, McNeil, and Franklin for money damages are not cognizable under § 1983.

There is an exception to Eleventh Amendment immunity allowed by *Ex parte Young* when a plaintiff seeks prospective relief. 209 U.S. 123 (1908). Here, the only prospective relief requested by Plaintiff is that the RCSO unblock him and other citizens on its social media pages. Doc. 1, p. 7, 11. However, Plaintiff fails to explain how he could receive that relief from Defendants Lee, McNeil, or Franklin as Plaintiff has not alleged that these Defendants own or operate any RCSO social media pages. Additionally, Sheriff Brantley in his official capacity is named as a defendant in this matter. *Id.* at p. 2, 9. Suits against officers in their official capacity are actually claims against the government entity that employs the officers. *Kentucky v. Graham*, 473 U.S. 159, 165-6 (1985). Plaintiff admits that Defendants Lee, McNeil, and Franklin are employed by Sheriff Brantley in his Internal Affairs Division. Doc. 1, p.2. Thus, any official capacity claims Plaintiff is attempting to state against these Defendants for injunctive relief would be duplicative and superfluous of Plaintiff's claims against Sheriff Brantley. *See Harris v. Autry*, 2022 U.S. App. LEXIS 3594, *15 (11th Cir. Feb. 9, 2022); *Brown v. Neumann*, 188 F.3d 1289, 1290 n. 1 (11th Cir. 1999). Therefore, Plaintiff fails to state a claim against Defendants Lee, McNeil, and Franklin in their official capacity for which relief could be granted.

### B. Plaintiff Fails To State A Claim Against Defendants In Their Individual Capacities.

Plaintiff alleges that Defendants violated his First Amendment rights by blocking him on Facebook, although it is unclear what specific claim Plaintiff is asserting. Doc. 1, p. 7. Whether Plaintiff is alleging that this blocking was viewpoint discrimination or that

3

it was retaliation, Plaintiff fails to adequately state a claim against Defendants Lee, McNeil, and Franklin.

**1. Plaintiff fails to establish a claim for viewpoint discrimination.**

To establish a First Amendment claim related to a government official's social media page, a plaintiff must show that the official had a policy, custom, practice, or procedure that was not viewpoint neutral and that was the moving force behind a constitutional violation. *Charudattan v. Darnell*, 834 Fed. Appx. 477, 480 (11th Cir. 2020). In a limited public forum such as a Facebook page, a government official may impose reasonable and viewpoint-neutral restrictions. *Id.*

Plaintiff's complaint contains no specific allegations that could establish a claim for viewpoint discrimination or to indicate that he was blocked from Facebook because of the particular views he was expressing. Plaintiff provides not information about what he was posting on the RCSO Facebook page prior to being blocked, and Plaintiff has not alleged that the RCSO was operating its Facebook page in a discriminatory manner. Plaintiff's own filings indicate that the RCSO had terms of service for its Facebook page which contained reasonable and viewpoint neutral restrictions. Doc. 11, p. 9-10; See *Charudattan* at 480. The terms of service clearly state that "negative comments, criticism, or differing opinions about the Sheriff's Office are permitted and will not be removed solely because of their viewpoint." Doc. 11, p. 9-10. Moreover, Plaintiff's filings indicate that he was blocked for violating those terms of service and not for any unconstitutional reason. *Id.*

Most importantly, Plaintiff has not stated any specific allegations in his complaint against Defendants Caleb Lee, Walter McNeil Jr., and Michelle Franklin sufficient to establish a viewpoint discrimination claim. Plaintiff alleges that Defendants are

employees in the RCSO Internal Affairs Division. Doc. 1, p. 2. Plaintiff also alleges that Defendant Franklin responded to an open records request. Doc. 1, p. 10, 18.  Defendant McNeil is mentioned on Exhibit A of the complaint where Plaintiff alleges that McNeil also responded to an open record request. *Id.* at p. 14; *See also* Doc. 11, p. 9-10.  With regard to Defendant Lee, Plaintiff's makes no specific factual allegations against him at all.  Plaintiff wholly fails to explain why these Defendants are named as parties in this matter, and he fails to allege any facts to even suggest that they violated his First Amendment rights.  Plaintiff simply asserts conclusory allegations that all Defendants blocked him on social media pages. Doc. 1, p. 7. However, Plaintiff has not alleged that the named Defendants own or administer the RCSO Facebook page or that they were involved any decision to block him on Facebook.  Thus, Plaintiff fails to establish any First Amendment viewpoint discrimination claims against Defendants.

**2. Plaintiff fails to establish a claim of retaliation.**

To establish a first amendment retaliation claim, a plaintiff must show that he engaged in protected speech, the defendant's retaliatory conduct adversely affected that protected speech, and a causal connection exists between the defendant's conduct and the adverse effect on plaintiff's speech. *Bennett v. Hendrix* 423 F.3d 1247, 1250 (2005). Here, Plaintiff fails to make any allegations that could establish a retaliation claim.

To the extent that Plaintiff is arguing that he engaged in protected speech by filing a previous lawsuit, he fails to allege that the named Defendants have done anything that would deter a person of ordinary firmness from exercising his First Amendment rights. *See Bennett* at 1250. In Plaintiff's other pending lawsuit involving the RCSO, Plaintiff made allegations against former Sheriff Roundtree, former Chief Chew, and several employees in the detention center related to alleged treatment he received while detained.

5

*Singleton v. Roundtree et al*, 1:24-cv-246. The current Defendants are not involved in Plaintiff's other suit, which involves a completely different administration of the Sheriff's Office. Plaintiff fails to explain why Defendants Lee, McNeil, or Franklin would have any concern about or involvement in his other lawsuit. To the extent Plaintiff is alleging that the protected speech involves posting on the RCSO Facebook page, Plaintiff again fails to allege that the Defendants have undertaken any conduct to affect that right. As stated above, Plaintiff has not plead any factual allegations that would allow the Court to reasonably infer that the named Defendants blocked Plaintiff on Facebook or could be liable for any alleged misconduct. *Ashcroft* at 678. Plaintiff simply makes conclusory allegations that all Defendants violated his rights on social media. Doc. 1, p 7. However, conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. V. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)). To survive a motion to dismiss, a plaintiff must allege some specific factual basis for his legal conclusions. *Id*. at 1263. Here, Plaintiff fails to state any First Amendment claims against Defendants Lee, McNeil, and Franklin in their individual capacity.

## CONCLUSION

Based upon the foregoing, Plaintiff fails to state any claims against Defendants Caleb Lee, Walter McNeil Jr., or Michelle Franklin. All of Plaintiff official and individual capacity claims against these Defendants should be dismissed.

This 20th day of January 2026.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| NEIL KEITH SINGLETON,<br><br>　Plaintiff,<br><br>v.<br><br>RICHMOND COUNTY SHERIFF EUGENE BRANTLEY, DEPUTY SGT. CALEB LEE, DEPUTY SGT. WALTER MCNEIL JR., MICHELLE FRANKLIN,<br><br>　Defendants. | CASE NO.: 1:25-CV-282 |

## CERTIFICATE OF SERVICE

　This is to certify that the within and foregoing **Motion** was served upon the following party in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system or by mailing a copy via United States Mail with adequate postage attached thereon to:

Neil Singleton<br>
1701 Little Flock Church Road<br>
Collins, Georgia 30421<br>
governmentORR@gmail.com<br>
Neilks1975@outlook.com

　This 20th day of January 2026.

　　　　　　　　　　　　　　　　　　　　　/s/Tameka Haynes
　　　　　　　　　　　　　　　　　　　　**Tameka Haynes**
　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 453026
　　　　　　　　　　　　　　　　　　　　**Randolph Frails**
　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 272729

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com